IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GREG BARNARD, as Administrator )
of the Estate of Mary Lawrence, )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-23-156-JAR
                                )
CITY OF POTEAU, OKLAHOMA; and   )
DOES #1-5,                      )
                                )
            Defendants.         )

## OPINION AND ORDER

This matter comes before the Court on Defendant City of Poteau's Partial Motion to Dismiss Plaintiff's Complaint (Docket Entry #7). Plaintiff commenced this case on May 11, 2023. He alleges that in the early morning hours of June 3, 2020, Mary Lawrence ("Lawrence") knocked on the door of her former mother-in-law, Sharon Virginia Sherman ("Sherman"), upset from an argument with her boyfriend. (Doc. No. 2, p. 2). Sherman was "startled" by Lawrence's visit and concerned for Lawrence's safety so she called 911. In the meantime, Sherman invited Lawrence in her house once Lawrence had calmed down. Plaintiff represents that Lawrence made no threats and calmly talked with Sherman. (Doc. No. 2, p. 3).

Plaintiff alleges law enforcement officers from Defendant City of Poteau entered the house with guns drawn and "began to act in an aggressive and threatening manner to Ms. Lawrence." In response to the officers' actions, Lawrence grabbed a small knife off of the kitchen counter and began backing away from the officers. Plaintiff states that

Lawrence did not threaten anyone with the knife and "did not make any slicing or stabbing movements like she was going to hurt anyone." Lawrence slowly backed away from the officers while they "were still aggressively shouting at her." Lawrence then turned her back to the officers and began walking down the hallway towards the back of the house. Id. One or more of the officers shot and killed Lawrence, shooting her no fewer than five times on the back side of her body, killing her. Plaintiff alleges the unidentified but named "Doe" officers were acting under color of law and within the scope of their employment with Defendant City of Poteau. (Doc. No. 2, p. 4).

Plaintiff asserts the following claims: (1) violation of Lawrence's Fourth Amendment rights for excessive force as enforced through 42 U.S.C. § 1983 against the "Doe" officers; (2) municipal liability for Defendant City of Poteau's "own policies, practices, and/or customs that were a moving force behind Ms. Lawrence's Constitutional injuries"; (3) municipal liability under § 1983 for the failure to adequately train and supervise the "Doe" officers in "(a) de-escalation techniques, (b) the Fourth Amendment, (c) current use of deadly force caselaw, (d) the use of deadly force continuum, (e) the use of less lethal force when a suspect does not pose an immediate threat of serious harm, (f) probable cause, (g) identifying suspects, (h) proper use of verbal commands, and (i) the use of deadly force, generally."; and (4) negligence in the use of deadly force by the "Doe" offices against Defendant City of Poteau based in Oklahoma law. (Doc. No. 2, p. 4-6).

Through the pending Motion, Defendant City of Poteau contends Plaintiff fails to state sufficient plausible facts in the Complaint to support a § 1983 claim for municipal liability and for the failure to train or supervise.

A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged. Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993) (citation omitted).

"A municipal policy or custom may take the form of (1) 'a formal regulation or policy statement'; (2) an informal custom 'amoun[ting] to "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law"'; (3) 'the decisions of employees with final policymaking authority'; (4) 'the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval'; or (5) the 'failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused.'" Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010) quoting Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189-90 (10th Cir. 2010)(remaining quotation sources omitted).

To that end, "to establish a city's liability under 42 U.S.C. § 1983 for inadequate training of police officers in the use of force, a plaintiff must show (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training." Allen v. Muskogee, 119 F.3d 837, 841–42 (10th Cir. 1997) citing Zuchel v. City and County of Denver, 997 F.2d 730, 734–35 (10th Cir. 1993) and City of Canton v. Harris, 489 U.S. 378, 389-91 (1989).

"As regards the second and third requirements, a showing of specific incidents which establish a pattern of constitutional violations is not necessary to put the City on notice that its training program is inadequate. Rather, evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, is sufficient to trigger municipal liability." Allen, 119 F.3d at 842 citing Board of County Com'rs v. Brown, 520 U.S. 397 (1997); Canton, 489 U.S. at 390 n. 10.

Plaintiff has enumerated several plausible bases for the alleged violation of Defendant City of Poteau's custom or policy pertaining to the use of deadly force under the facts as alleged by Plaintiff in the

4

Complaint. Additionally, viewing the facts as expressly alleged in the Complaint; namely, that Ms. Lawrence held a knife in a non-threatening manner to the officers and was moving away from them, Plaintiff has pled a sufficiently plausible basis for a claim that officers acted with deliberate indifference which would call into question the training and supervision provided by Defendant City of Poteau to its officers in the use of deadly force. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"). Accordingly, Plaintiff's claim of municipal liability against Defendant City of Poteau is sufficiently stated so that it may be maintained.

IT IS THEREFORE ORDERED that Defendant City of Poteau's Partial Motion to Dismiss Plaintiff's Complaint (Docket Entry #7) is hereby **DENIED**.

IT IS SO ORDERED this 11th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE